WEITZMAN LAW OFFICES, LLC
Kenneth S. Weitzman (NJ Bar No. 021451992)
425 Eagle Rock Ave., Suite 102
Roseland, NJ 07068
Tel.: (973) 403-9940
Fax: (973) 403-9944
*Attorneys for Plaintiff*
    *Across International, LLC*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ACROSS INTERNATIONAL, LLC<br>*Plaintiff*<br><br>v.<br><br>SUMMIT INDUSTRIAL SUPPLY, LLC<br>and ELLIOT KREMERMAN<br>*Defendants* | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND PATENT INVALIDITY**

    Plaintiff, Across International, LLC ("Across"), by and through its undersigned attorneys, complains of Defendants, Summit Industrial Supply, LLC ("Summit") and Elliot Kremerman ("Kremerman") alleging as follows:

    1.    This is a declaratory judgment action for a declaration of non-infringement and/or invalidity of U.S. Design Patent Nos. D775,310 entitled "Bent Distillation Head" and D776,238 entitled "Straight Path Distillation Head" (hereinafter, respectively, the "D310 Patent" and "D238 Patent" and, collectively, the "Distillation Design Patents").

**THE PARTIES**

    2.    Plaintiff, Across International, LLC ("Across") is a Limited Liability Company organized under the laws of the State of New Jersey with headquarters at 111 Dorsa Ave,

Livingston, New Jersey 07039. Across is in the business of, among other things, supplying glassware and laboratory equipment to universities, research facilities and labs, including, for example, to Massachusetts Institute of Technology, Stanford University, Columbia University, Georgia Tech, the United States Department of Energy, NASA, the U.S. Army, Navy, Air Force, 3M, GE, DuPont, and the U.S. National Laboratories.

3. Defendant, Summit, on information and belief, is a California Limited Liability Company organized under the laws of the State of California, with an address of 23229 Summit Rd., Los Gatos, CA 95033 and Defendant, Kremerman, on information and belief, is an individual resident of the State of California having a last known address, according to U.S. Patent Office records, of 2825 S. Rodeo Gulch Rd., #8, Soquel, CA 95073, and a business address at 23229 Summit Rd., Los Gatos, CA 95033. Kremerman is the sole named inventor on the Distillation Design Patents, and is the single principal/member of Summit. Summit and Kremerman are collectively referred to as "Defendants" herein.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this case under 28 U.S.C. §2201(a), §2202 and §1338(a), as a declaratory judgment action under the Patent Laws, Title 35 of the United States Code.

5. On November 23, 2016, Summit sent a "Cease and Desist" letter to counsel for Across indicating that it had two allowed design patent applications and that "we expect to begin litigation of these patents soon after issuance." The letter went on to assert:

> your client is put on notice that if you or your company sells the above products past the issuance date of my client's patents and trademark, we will hold you accountable for willful infringement for which damages are quite high.
> To repeat: upon issuance of the design patent and/or trademark, my client fully intends to seek remedies in court for willful patent infringement subjecting those who are still infringing with up to 3x

gross sales as damages, attorney fees, and punitive damages (see 35 USC 284, 35 USC 154).

6. On January 13, 2017, Across, through its counsel, advised counsel for Summit that the Across products were not infringing, and provided specific reasons in that regard.

7. On January 20, 2017, Kremerman filed suit in the Northern District of California, San Jose Division, against a third party for, *inter alia*, infringement of the Distillation Design Patents. Based upon the complaint filed in that action, the products accused of infringement by Kremerman are similar to those sold by Across and implicated by the November 23, 2016 letter.

8. By e-mail dated January 24, 2017 Summit's counsel advised counsel for Across that the matter was being referred "to another firm who is commencing litigation against infringers imminently."

9. Across has offered for sale, sold, and intends to continue to offer for sale and continue to sell, its SP-Head2L and SP-Head5L glassware distillation head products that are implicated by the November 23, 2016 letter.

10. Thus, based upon Defendants' accusations, there is an actual, justiciable, case or controversy regarding the infringement and validity of the Distillation Design Patents. A judicial declaration that the claims of the Distillation Design Patents are not infringed and/or invalid is necessary and appropriate at this time so that Across can ascertain its rights and duties with respect to the Distillation Design Patents.

11. Defendants are subject to this Court's specific personal jurisdiction because of the intended and actual effects of Summit making accusations of patent infringement against Across, upon information and belief, with the approval, and at the express direction, of Kremerman. Those assertions have caused an effect on Across within this Judicial District.

12. Venue is proper in this district under 28 U.S.C. §§1391(b)-(c) because Across is headquartered in this Judicial District and Defendants have been directing accusations of infringement to Across within this Judicial District.

## THE DISTILLATION DESIGN PATENTS

13. On December 27, 2016, the United States Patent & Trademark Office ("USPTO") issued the D310 Patent and, on January 10, 2017, the USPTO issued the D238 Patent, both to Kremerman.

## RELEVANT FACTS REGARDING NON-INFRINGEMENT & INVALIDITY

14. The Distillation Design Patents are limited in scope to the design shown and described in the figures of those patents.

15. Since at least December 27, 2016, Across has offered for sale, sold, and intends to continue to offer for sale and continue to sell, its SP-Head2L and SP-Head5L glassware distillation head products.

16. Defendants have wrongfully, and baselessly, accused Across of infringement in an attempt to unlawfully (1) force Across out of the market for these glassware distillation head products, or (2) exact a royalty for unpatented products, when, in actuality, neither the SP-Head2L and SP-Head5L glassware distillation head products infringe either Distillation Design Patent, despite the fact that Across has informed Defendants that, *inter alia*, the SP-Head2L and SP-Head5L glassware distillation head products significantly differ in visual appearance from the designs covered by the Distillation Design Patents, if those design claims are even valid.

17. Specifically, for example, the Distillation Design Patents each specifically claim an opaque object whereas the Across SP-Head2L and SP-Head5L distillation heads are both transparent glassware.

18. The orientation of the cooling jacket inlets and outlets of the Distillation Design Patents are perpendicular to their cooling jackets, whereas the Across SP-Head2L and SP-Head5L distillation heads are oriented at an angle to their cooling jackets.

19. The outlet of the cooling tube passing through the cooling jacket of each Distillation Design Patent is straight, whereas the outlet of the cooling tube passing through the cooling jacket of the Across SP-Head2L and SP-Head5L distillation heads are both curved.

20. Consequently, the Across SP-Head2L and SP-Head5L distillation heads do not look substantially the same as the designs claimed in the Distillation Design Patents and thereby do not infringe the Distillation Design Patents, literally or under the doctrine of equivalents.

21. The Distillation Design Patents are invalid and unenforceable for failure to comply with one or more of the conditions for patentability set forth in the Patent Laws at 35 U.S.C. Sections 102, 103, 112 and 171.

22. Each of the Distillation Design Patents claims are to features that are primarily functional and Defendants cannot legally own or claim design patent rights in a design that is primarily functional. Specifically, to the extent that there are similarities between the claims of the Distillation Design Patents and aspects of the Across SP-Head2L and SP-Head5L distillation heads, those similarities are due to the function of those aspects.

## COUNT I
### (DECLARATION OF NON-INFRINGEMENT OF THE D310 PATENT)

23. Across repeats and re-alleges the allegations in preceding paragraphs 1-22 as though fully set forth herein.

24. Defendants have asserted that the Across SP-Head2L distillation head infringes the D310 Patent and have threatened to bring suit against Across for the alleged infringement.

25. The design of the Across SP-Head2L distillation head is different from the ornamental design claimed in the D310 Patent and, hence, does not infringe the D310 patent.

26. An actual, present and justiciable controversy exists with respect to the Across SP-Head2L distillation head vis-à-vis the design claimed in the D310 Patent and a judicial declaration is necessary under the circumstances to resolve this controversy.

27. Plaintiff is entitled to a declaratory judgment that the making, using, selling, offering for sale, within the United States, or the importation into the United States, of the Across SP-Head2L distillation head does not infringe any enforceable claim of the D310 patent, directly, indirectly, contributorily or otherwise.

## COUNT II
### (DECLARATION OF NON-INFRINGEMENT OF THE D238 PATENT)

28. Across repeats and re-alleges the allegations in preceding paragraphs 1-27 as though fully set forth herein.

29. Defendants have asserted that the Across SP-Head5L distillation head infringes the D238 Patent and have threatened to bring suit against Across for the alleged infringement.

30. The design of the Across SP-Head5L distillation head is different from the ornamental design claimed in the D238 Patent and, hence, does not infringe the D238 patent.

31. An actual, present and justiciable controversy exists with respect to the Across SP-Head5L distillation head vis-à-vis the design claimed in the D238 Patent and a judicial declaration is necessary under the circumstances to resolve this controversy.

32. Plaintiff is entitled to a declaratory judgment that the making, using, selling, offering for sale, within the United States, or the importation into the United States, of the Across SP-Head5L distillation head does not infringe any enforceable claim of the D238 patent, directly, indirectly, contributorily or otherwise.

## COUNT III
## (DECLARATION OF INVALIDITY OF THE D310 PATENT)

33. Across repeats and re-alleges the allegations in preceding paragraphs 1-32 as though fully set forth herein.

34. The design claimed in the D310 Patent is primarily functional and, therefore, the D310 Patent is invalid.

35. To the extent the Across SP-Head2L product would infringe the claimed design of the D310 patent, the claimed design would also cover, or be a trivial variation of, designs for distillation heads that are prior art to the D310 Patent, rendering it invalid.

36. The design claim of the D310 Patent is invalid and/or unenforceable on the grounds that the invention claimed therein fails to meet the conditions of patentability specified in Title 35 of the United States Code, specifically, 35 U.S.C. §§102, 103, 112 and/or 171.

37. An actual, present and justiciable controversy exists with respect to the validity and enforeceability of the D310 Patent.

## COUNT IV
## (DECLARATION OF INVALIDITY OF THE D238 PATENT)

38. Across repeats and re-alleges the allegations in preceding paragraphs 1-37 as though fully set forth herein.

39. The design claimed in the D238 Patent is primarily functional and, therefore, the D238 Patent is invalid.

40. To the extent the Across SP-Head5L product would infringe the claimed design of the D238 patent, the claimed design would also cover, or be a trivial variation of, designs for distillation heads that are prior art to the D238 Patent, rendering it invalid.

41. The design claim of the D238 Patent is invalid and/or unenforceable on the grounds that the invention claimed therein fails to meet the conditions of patentability specified in Title 35 of the United States Code, specifically, 35 U.S.C. §§102, 103, 112 and/or 171.

42. An actual, present and justiciable controversy exists with respect to the validity and enforeceability of the D310 Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Across, respectfully asks this Court to enter judgment in favor of Plaintiff and against Defendants, and all persons in active concert or participation with Defendants, granting the following relief:

A. Entry of a declaratory judgment of non-infringement that the Across SP-Head2L product does not, and has not, infringed, directly, indirectly, or contributorily the claim of the D310 Patent, if it is not invalid;

B. Entry of a declaratory judgment of non-infringement that the Across SP-Head5L product does not, and has not, infringed, directly, indirectly, or contributorily the claim of the D238 Patent, if it is not invalid;

C. Entry of a declaratory judgment that the claim of the D310 Patent is invalid and/or unenforceable.

D. Entry of a declaratory judgment that the claim of the D238 Patent is invalid and/or unenforceable.

E. Entry of a declaratory judgment finding that Defendant's baseless accusations render this case an exceptional case under 35 U.S.C. §285 and awarding Across its reasonable attorneys' fees, expenses and costs incurred in this action;

F.	Enjoining Defendants from charging infringement or instituting any action for enforcement of the D310 and D238 Patents against Across or its customers relating to the Across SP-Head2L and SP-Head5L glassware distillation head products; and

G.	Such other relief that Across is entitled to under the law, and any other further relief that this Court or a jury may deem just and proper under the circumstances.

## JURY DEMAND

Across demands a trial by jury on all issues in this Complaint triable thereto.

Respectfully submitted,

**WEITZMAN LAW OFFICES, LLC**

Dated: January 31, 2017        By:    s/ Kenneth S. Weitzman
Kenneth S. Weitzman (NJ Bar No. 021451992)
425 Eagle Rock Ave., Suite 102
Roseland, NJ 07068
Phone: (973) 403-9940
Fax: (973) 403-9944
kweitzman@weitzmanip.com
*Attorneys for Plaintiff,*
*Across International, LLC*